MACARTHY, APPELLEE, *v.* DUNFEE, APPELLANT.

(No. 3606—Decided July 5, 1984.)

*Paul D. Payne II,* for appellee.
*Michael J. Scherach,* for appellant.

GEORGE, J. The defendant-appellant, Thomas Dunfee, appeals from the judgment of the Oberlin Municipal Court in which the court failed to award expenses and attorney fees as a discovery sanction pursuant to Civ. R. 37(A)(4). This court reverses.

This case began as a property damage claim wherein the plaintiff-appellee, Douglas A. MaCarthy, claimed that his car was damaged by the defendant. In preparation for trial, defendant attempted to depose plaintiff. However, during deposition of plaintiff, upon advice of counsel, plaintiff refused to answer certain questions. After objecting to the questions, plaintiff and his attorney left the deposition before its conclusion. Defendant then moved the court for an order compelling plaintiff to submit to the deposition and to award to defendant expenses and attorney fees pursuant to Civ. R. 37(A)(4). The court granted the motion to compel discovery but withheld ruling on the motion for expenses and attorney fees.

At the conclusion of the trial, the court found in favor of plaintiff on his complaint and in favor of defendant on his counterclaim. The court, however, denied defendant's request for attorney fees and expenses. This appeal followed.

### Assignment of Error

"The trial court committed prejudicial error and abused its discretion in failing to award to defendant his reasonable expenses, including attorney fees caused by plaintiff's failure to submit himself to discovery deposition."

When a party fails to comply with a request for discovery, Civ. R. 37(A) provides for a motion to compel discovery. Civ. R. 37(A)(4) states in part:

"If the motion [to compel discovery] is granted, *the court shall,* after opportunity for hearing, *require the party* or deponent who opposed the motion or the party or attorney advising such conduct or both of them *to pay* to the moving party the *reasonable expenses incurred in obtaining the order, including attorney's fees,* unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added.)

In this case, the court granted the motion to compel discovery but did not grant expenses and attorney fees incurred by defendant to obtain the discovery order. Further, the court did not make an express finding either (1) excusing the plaintiff's refusal to submit to discovery, or (2) of other circumstances which would make such an award unjust.

Thus, the issue is whether the trial court must expressly make a finding on the record "that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust" when it does not grant expenses and attorney fees to the prevailing party. Civ. R. 37(A)(4).

Defendant cites *Bilikam* v. *Bilikam* (1982), 2 Ohio App. 3d 300, 306, for the proposition that the court must make an express finding when it refuses to award expenses. However, *Bilikam* was based on Civ. R. 37(D) which states in pertinent part:

"* * * In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court *expressly* finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added.)

Civ. R. 37(A)(4) does not contain the term "expressly" as does Civ. R. 37(D). However, even in the absence of this term, a trial court must make a finding on the record upon a request to grant expenses as a discovery sanction when the court fails to grant expenses as provided under Civ. R. 37(A)(4).

The intent of the discovery rules is to permit the parties great leeway in gathering information for trial with a minimum amount of court intervention. See 8 Wright & Miller, Federal Practice and Procedure (1970) 784, 786, Section 2288; Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions (1978), 91 Harv. L. Rev. 1033, 1035-1036. To this end, the rules provide sanctions against those parties who abuse the discovery process thereby necessitating court action or who unnecessarily call upon the court to decide discovery disputes which should have been settled between the parties.

Fed. R. Civ. P. 37(a)(4) is essentially identical to Ohio Civ. R. 37(A)(4). As such, it is helpful to note the development of the federal rule. Prior to 1970 — the effective date of the Ohio Civil Rules — Fed. R. Civ. P. 37(a)(4) provided for the award of expenses where the court found that the actions complained of were *without* substantial justification. In the absence of such a finding, expenses were denied. Thus, under the former rule, the presumption was against the imposition of the sanction. Under this version of the rule, courts were very reluctant to impose the sanctions. Notes of Advisory Committee on Rules, re 1970 Amendment to Fed. R. Civ. P. 37. Some writers believe the courts were quite imaginative in finding ways to avoid imposing sanctions. See Rosenberg, Sanctions to Effectuate Pretrial Discovery (1958), 58 Colum. L. Rev. 480, 494-496.

In response to this tendency the federal rule was amended to read as it

70

presently does. The new language provides that in the absence of the finding, expenses shall be granted. Thus, the presumption is now in favor of imposing sanctions. This change in the language is "intended to encourage judges to be more alert to abuses occurring in the discovery process." Notes of Advisory Committee on Rules, re 1970 Amendment to Fed. R. Civ. P. 37. Under the present federal discovery rules courts seem more willing to be tougher with those who abuse the discovery process. See, *e.g.*, *Natl. Hockey League* v. *Metropolitan Hockey Club, Inc.* (1976), 427 U.S. 639; *State* v. *Arthur Andersen & Co.* (C.A.10, 1978), 570 F. 2d 1370.

In construing Fed. R. Civ. P. 37(a)(4), it has been held that an award of expenses is mandatory unless the court makes the appropriate finding. *Merritt* v. *Internatl. Brotherhood of Boilermakers* (C.A.5, 1981), 649 F. 2d 1013, 1018-1019. Where the court fails to make the finding as required by the rule, it has been held error for the court to refuse to allow expenses and attorney fees to the prevailing party. *H. K. Porter Co., Inc.* v. *Goodyear Tire & Rubber Co.* (C.A.6, 1976), 536 F. 2d 1115, 1124-1125.

The mandatory sanctions of Civ. R. 37(A)(4) grant a substantial right to the party against whom the discovery process has been abused. In order to adequately protect this right, there must be an effective opportunity for review where the court denies such expenses. A review can only take place if the court places on the record its finding in support of its decision.

Accordingly, this court holds that where the trial court refuses to award expenses and attorney fees as provided in Civ. R. 37(A)(4), it must then make a finding as required by Civ. R. 37(A)(4) upon the record. Therefore, the judgment is reversed and the cause is remanded for the court to either award expenses and attorney fees to defendant or to make the appropriate finding under Civ. R. 37(A)(4) denying such an award.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and QUILLIN, J., concur.