DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Mary Jo Foster, appeals the judgment of the Cuyahoga Falls Municipal Court which found her guilty of failing to comply with a lawful order and sentenced her accordingly. We affirm.
 {¶ 2} The city of Cuyahoga Falls ("the City") filed a criminal complaint against Defendant on April 11, 2003, alleging failure to comply with a lawful order regarding property maintenance in violation of Cuyahoga Falls Codified Ordinance 1371.02. The matter proceeded to trial on October 16, 2003, and the jury found Defendant guilty as charged. The court sentenced Defendant to 180 days in jail and ordered her to pay a fine of $1,000.00. The court suspended all 180 days of jail time and $900.00 of the fine.
 {¶ 3} Defendant timely appealed raising five assignments of error for our review. We will discuss assignment of error five out of order, and some of the assignments of error together.
 ASSIGNMENT OF ERROR V
"The trial court erred in never preparing and [sic.] entry of judgment complying with [Crim.R.] 32(C)."
 {¶ 4} In her fifth assignment of error, Defendant argues that the court in this case never entered any judgment on the record as required under Crim.R. 32(C). Specifically, Defendant states that the brief notations made by the court on the criminal case jacket were "not sufficient to serve as a journal entry and was not signed nor did [they] comply with the requirements of [Crim.R.] 32(C)." We disagree.
 {¶ 5} In order for an entry of judgment to be effective, it must contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk indicating that it was properly journalized. Crim.R. 32(C); Akron v. Branham (May 26, 1999), 9th Dist. No. 19342, at 2, citing State v. Morrison (Apr. 1, 1992), 9th Dist. No. 2047, at 3. Handwritten notations made by the judge on a case file jacket are not sufficient to serve as a judgment entry unless those notations have been filed with the clerk. State exrel. White v. Junkin, 80 Ohio St.3d 335, 337, 1997-Ohio-340, citing William Cherry Trust v. Hoffman (1985),22 Ohio App.3d 100, 105.
 {¶ 6} The criminal case jacket in this case notes the following: (1) Defendant pleaded not guilty on April 24, 2003; (2) a jury found Defendant guilty of violating Ordinance 1371.02 on October 16, 2003; (3) the trial court sentenced Defendant to 180 days in jail and a $1,000.00 fine, suspended the jail time and $900.00 of the fine on the condition that Defendant obey all laws for the next one year and not repeat the offense; and (4) the trial court ordered Defendant to return to the court in 60 days to determine whether Defendant had come into compliance with the orders of the City. Both the verdict and sentencing entries on the case jacket were signed by the judge. Finally, the case jacket bore three separate time stamps, including one dated October 16, 2003, at 3:27 p.m, the same date on which the court entered both the verdict and sentencing entries. The docket also reflects that the notations were entered into the journal by the clerk. The notations on the case jacket in this case meet the requirements under Crim.R. 32(C). Accordingly, we overrule Defendant's fifth assignment of error, and find that the court did enter a final judgment entry from which Defendant could properly appeal.
 ASSIGNMENT OF ERROR I
"The trial court erred by failing to afford [Defendant] due process by not requiring [the City] to prove [Defendant] guilty of every element of the crime charged."
 ASSIGNMENT OF ERROR II
"The trial court erred when it allowed [Defendant] to be found guilty and not reversing the jury verdict when this verdict was clearly against the manifest weight of the evidence as to two elements of the crime."
 ASSIGNMENT OF ERROR III
"The trial court erred by not reversing the guilty verdict when no reasonable trier of fact could have found the prosecution proved all essential elements of the crime charged."
 {¶ 7} In her first, second, and third assignments of error, Defendant asserts that the jury verdict was based on insufficient evidence as a matter of law and against the manifest weight of the evidence. Specifically, Defendant states that the jury could not have found her guilty because the evidence showed that she did not own the property in question. Rather, she asserts that the City should have filed its complaint against the true owner of the property, Ascot Limited. She also claims that the evidence offered at trial did not establish that the alleged property maintenance violations occurred at 3741 State Road in Cuyahoga Falls as alleged in the indictment. Instead, she insists testimony related only to violations found at 3720 State Road. We find that Defendant's assertions lack merit.
 {¶ 8} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that her conviction is against the manifest weight of the evidence:
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
An appellate court should invoke this power only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. A finding that a conviction is supported by the weight of the evidence, also includes a finding of sufficiency of the evidence. Smith at ¶ 9, quoting State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 10} In order to support these assignments of error, Defendant had the duty to provide this Court with either a transcript of the trial or a substitute for that transcript as provided for under the appellate rules. See State v. DeArmitt
(Jan. 15, 1997), 9th Dist. No. 96CA0021, at 10. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 11} While Defendant did file a transcript in this case, that transcript was struck from the record for failure to comply with App.R. 9 and Loc.R. 5. As we have no transcript before us with which to review the evidence presented at trial relating to these three assignments of error, we must assume the regularity of the proceedings below and affirm the trial court. Accordingly, we overrule Defendant's first, second, and third assignments of error.
 ASSIGNMENT OF ERROR IV
"The trial court erred by abusing its discretion in not allowing the subpoenaed testimony of Mayor Robart and in refusing the curative instruction and allowing the prosecutor in his closing to state that [Defendant] was named as defendant because they had to name somebody especially when the deed showed that [Defendant] was not the property owner."
 {¶ 12} In her fourth assignment of error, Defendant asserts that the trial court erred by quashing her subpoena for testimony by Donald Robart, the mayor of the city of Cuyahoga Falls. Defendant contends that "the mayor had relevant testimony and was familiar with the area in question and could identify the places in photographs and other objects[,]" and that the trial court erred by quashing the subpoena. Defendant also alleges that the court erred by failing to give a curative instruction to the jury and permitting certain comments by the prosecutor during his closing argument. We find that Defendant's assertions lack merit.
 {¶ 13} We review the trial court's decision to quash the subpoena for an abuse of discretion. Lampe v. Ford Motor Co.
(Jan. 19, 2000), 9th Dist. No. 19388, at 6, citing State ex rel.The V Cos. v. Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329. An abuse of discretion implies more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122. When applying this abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. Id.
 {¶ 14} While the Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution provide an accused with the right to compulsory process to obtain testimony, that right does not translate into "an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylorv. Illinois (1988), 484 U.S. 400, 410, 98 L.Ed.2d 798; see, also, State v. Denis (1997), 117 Ohio App.3d 442, 446. Defendant's right to compulsory process, therefore, does not extend to irrelevant evidence, excluded under Evid.R. 402, or evidence which, in the judgment of the trial court, is cumulative, excluded under Evid.R. 403(B). See Denis,117 Ohio App.3d at 446; State v. Lavery (Oct. 24, 2001), 9th Dist. No. 20591, at 2.
 {¶ 15} The State asserts that the judge quashed the subpoena because it involved either irrelevant or cumulative evidence. Given the lack of a transcript in this case, we must, again, presume the regularity of the proceedings below. Accordingly, we find that the trial court did not err in quashing the subpoena for Mayor Robart.
 {¶ 16} Defendant's remaining arguments under this assignment of error require this Court to review the transcript of the jury trial, specifically the jury instructions and closing argument of the prosecutor. As we lack a transcript, we are unable to review the merits of these assertions, and must assume the regularity of the proceedings below.
 {¶ 17} As Defendant has failed to provide this Court with a proper transcript, we overrule Defendant's fourth assignment of error.
 {¶ 18} We overrule Defendant's five assignments of error and affirm the judgment of the Cuyahoga Falls Municipal Court.
Judgment affirmed.
Carr, P.J, Baird, J., Concur.