DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michelle J. Nickoloff, n.k.a. Michelle J. Wilson, appeals pro se from the decision of the Lorain County Court of Common Pleas which affirmed a magistrate's decision. We affirm.
 {¶ 2} Appellant and Appellee, James R. Nickoloff, were divorced on April 1, 1999. At the time of the divorce, the trial court ordered Appellee to pay $1,324.27 monthly child support. Then, on June 4, 2002, Appellee requested an administrative review and modification of the original child support order. The Lorain Child Support Enforcement Agency (CSEA) conducted some investigation and recommended a reduction in Appellee's child support payments effective October 1, 2002. Appellant filed timely objections to this recommendation, which was then referred to a magistrate. On July 1, 2003, following a discovery dispute, the magistrate modified Appellee's child support obligation to $865.11 per month effective October 1, 2002. The magistrate also denied an earlier motion by Appellant for attorney's fees.
 {¶ 3} The trial court adopted the magistrate's decision on July 3, 2003, whereupon Appellant timely filed objections to the magistrate's decision. The trial court overruled Appellant's objections on November 24, 2003, but remanded the case to the magistrate because the dependency exemption had not been addressed. The magistrate and trial court judge jointly signed a decision awarding the dependency exemption on December 5, 2003, rendering the November decision a final, appealable order. Appellant timely appealed, raising ten assignments of error relating to the November judgment entry. We will address some assignments of error together and out of order for ease of discussion.
 ASSIGNMENT OF ERROR I
"The trial court erred and abused [its] discretion in not requiring Appellee to provide proof of a change in circumstances associated with his request for a modification of child support."
 {¶ 4} In her first assignment of error, Appellant alleges that the trial court improperly shifted the burden of proof onto her to prove that a substantial change of circumstances warranting a modification of child support had not occurred. We disagree.
 {¶ 5} The law is quite clear that the party seeking modification of child support bears the burden of showing that a substantial change in circumstances has occurred. Jurewicz v. Rice, 9th Dist. No. 3190-M, at 3-4, 2001-Ohio-1767. Appellant in this case has argued that the trial court incorrectly placed the burden of proof upon her to show that a substantial change in circumstances did not occur. However, after reviewing the language of the decisions of the magistrate and trial court below, we can find no reference to any incorrect shifting of the burden of proof in this matter. Rather, the court correctly placed the burden of proof upon Appellee, and then found that there was enough evidence to support modification of child support in this case. Appellant's main contentions actually lie more in the factual findings which the magistrate and court used to support their determination. Accordingly, we overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR IV
"The trial court failed to closely scrutinize the corporate tax returns of [Appellee's] family business to determine if his self-imposed reduction of salary was warranted."
 ASSIGNMENT OF ERROR V
"The trial court erred and abused [its] discretion when it failed to impute a threshold income to Appellee based on his previous salary, potential income and that of employee's [sic] of Nickoloff Builders with less experience and responsibility. The trial court failed to require Appellee to provide any credible evidence which otherwise [substantiates] his decrease in income or gives merit to his self-imposed salary reduction."
 ASSIGNMENT OF ERROR IV "* * * Further, the court based the retroactive modification on amounts of income for Appellant which were inaccurate and against the manifest weight of the evidence presented." {¶ 6} In her fourth, fifth, and second half of her sixth assignments of error, Appellant essentially argues that the trial court erred by adopting the factual findings of the magistrate because those finding were not supported by the evidence. Specifically, Appellant maintains that the trial court erred by (1) failing to closely scrutinize Appellee's self-imposed wage reduction, (2) failing to require Appellee to provide any credible evidence substantiating his entitlement to a self-imposed wage reduction, (3) failing to impute income to Appellee, and (4) imputing income to Appellant. Because the transcript is not before us on appeal, we disagree.
 {¶ 7} Appellant bears the burden of demonstrating error on appeal.Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2. Where an appellant "intends to urge on appeal that a finding or conclusion is unsupported by evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R.9(B); Lorain v. Pendergrass, 9th Dist. No. 03CA008243, 2003-Ohio-5616, at ¶ 8. While it appears that the trial court did have a transcript of the magistrate's hearing before it, the transcript is no longer in the record before us on appeal. We, therefore, must presume the regularity of the proceedings below, and affirm the decision of the trial court in this matter. See Cuyahoga Falls v. Foster, 9th Dist. No. 21820, 2004-Ohio-2662, at ¶ 10, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Accordingly, we overrule Appellant's fourth, fifth, and second half of her sixth assignments of error.
 ASSIGNMENT OF ERROR VII
"The trial court erred and abused [its] discretion by not awarding attorney fees to Appellant based on the manifest weight of the evidence of the [parties'] respective incomes and Appellant's ability to retain counsel to adequately protect her and the children's interest."
 ASSIGNMENT OF ERROR VIII
"The trial court erred and abused [its] discretion by not awarding attorney fees to Appellant based on Appellee's misconduct throughout the administrative and judicial process and his intentional causing of those fees to be significantly increased by his failure to provide full disclosure of all sources of income and compensation to the [CSEA] and the court."
 ASSIGMENT OF ERROR IX
"The trial court erred and abused [its] discretion by not imposing discovery sanctions on Appellee for discovery violations relating to Appellant's Motion to Compel as is required by [Civ.R.] 37(A)(4)."
 {¶ 8} In her seventh, eighth, and ninth assignments of error, Appellant alleges that the trial court erred in failing to award her attorney's fees for the child support modification action. Specifically, Appellant argues that she is entitled to an award of attorney's fees based both on the respective income of the parties and as a sanction for Appellee's alleged misconduct in failing to comply with discovery orders. We disagree.
 Overall Attorney's Fees {¶ 9} Appellant opines that she is entitled to an award of attorney's fees for the entirety of the child support modification action under R.C. 3105.18(H):
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including * * * any proceeding arising from a motion to modify a prior order or decree * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
The party requesting the fees under this section has the burden of demonstrating their reasonableness. Shaffer v. Shaffer (1996),109 Ohio App.3d 205, 214. As an award of attorney's fees is left to the sound discretion of the trial court, this Court will not reverse the trial court's decision absent an abuse of discretion. Holcomb v.Holcomb, 9th Dist. No. 01CA007795, 2001-Ohio-1364, at ¶ 16.
 {¶ 10} The magistrate's and trial court's decisions in this case indicate that Appellant was imputed $25,708.80 in annual income.[1]
Appellee's income, on the other hand, was $49,728.62. However, only $32,366 of Appellee's income was actual expendable income: $26,070 in wages from Nickoloff Builders, $2,657 in rental income from CJ Properties, $1,000 as wages for maintenance performed for CJ Properties, and $2,639 in interest income. The remaining $17,362.62 was compensation from non-cash perks and a depreciation deduction, from which attorney's fees simply could not be paid. Also, Appellee was ordered to pay $865.11 per month plus a 2% processing fee in child support. We cannot fathom that Appellant would insist that Appellee pay Appellant's attorney's fees from monies Appellee is obligated to pay as child support. After deducting that $10,588.95 in child support and fees per year, Appellee is left with approximately $21,777.05 in before tax, expendable income. Even if we add in the $730 in personal expenses that Nickoloff Builders paid for Appellee, and we also take into account that Appellant's expected child support contribution, according to the worksheet, is $5,367.09, that still leaves Appellant with $20,341.71 in pre-tax income, an amount only $2,165.34 less than Appellee's $22,507.05 pre-tax income. After considering these figures, we find that the trial court did not abuse its discretion in determining that neither party was in the position to pay for the other's attorney's fees.
 {¶ 11} Appellant also argues that she should have been awarded attorney's fees because, without that financial aid, she could not fully litigate the child support issue and adequately protect her interests. She distinctly points out that this must be the case as she is appearing pro se at the court of appeals while Appellee remains represented by counsel. However, awarding Appellant with attorney's fees in this case would create a terribly ironic result: while Appellant might then be better able to afford legal representation, the $12,000 she requests would leave Appellee with only $9,777.05, plus $730 in personal expenses paid by his business, in pre-tax income to pay (1) all his living expenses, (2) his accumulated attorney's fees, and (3) his annual taxes (keeping in mind the $3,096.50 depreciation deduction he is entitle to from CJ Properties). In other words, awarding either party attorney's fees in this case would render the other party unable to adequately defend their own interests. Each is in respectively the same position as to their ability to pay attorney's fees.
 {¶ 12} In a final attempt to convince this Court of the trial court's error in this respect, Appellant points to the availability of Appellee's assets in order to pay for her attorney's fees. However, we note that Appellant did not raise this specific argument below, and, even if she had, we do not have before us the transcript in order to review this argument. As noted above, absent the transcript, we must presume the regularity of the proceedings below and affirm the finding of the trial court. See Foster, at ¶ 10, citing Knapp, 61 Ohio St.2d at 199. Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's request for attorney's fees under R.C. 3105.18(H).
 Attorney's Fees as Discovery Sanctions {¶ 13} The trial court also did not err by refusing to award Appellant attorney's fess under Civ.R. 37(A)(4). When a party's motion to compel is granted, Civ.R. 37(A)(4) requires a court to award reasonable expenses, including attorney's fees, to the moving party "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Where a court refuses to award attorney's fees, an accompanying failure to explicitly make one of the required findings on the record mandates a remand to the trial court. McCarthy v. Dunfee (1984), 19 Ohio App.3d 68, 70. However, a court may only "require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred[.]" Civ.R. 37(A)(4). In other words, only the entity or person who opposed the motion to compel, or one who advised opposition to the motion, may be required to pay the moving party's expenses. See id.
 {¶ 14} Appellant served Appellee with requests for production around February 18, 2003. Then, on February 21, 2003, Appellant served subpoenas duces tecum upon Nickoloff Builders and CJ Properties requesting production of certain documents. The attorney for Nickoloff Builders and CJ Properties, who also happened to be Appellee's attorney, sent a letter to Appellant's counsel objecting to the scope and improper service of the subpoenas to the businesses. Appellant's counsel then properly re-served the subpoenas to the businesses, without changing the scope of the production requests, and counsel for the businesses again objected by letter. On March 27, 2003, Appellant filed a motion to compel Nickoloff Builders and CJ Properties to produce the requested documents. The court granted the motion as to Nickoloff Builders and CJ Properties.
 {¶ 15} After reviewing the record we find that Appellee was not "the party or deponent who opposed the motion" to compel. There is also no evidence on the record that Appellee advised Nickoloff Builders or CJ Properties to oppose the motions to compel. Therefore, Appellee is not a proper party to pay Appellant's expenses, including attorney's fees, under Civ.R. 37(A)(4). Instead, Appellant could only demand that Nickoloff Builders, CJ Properties, or their attorney, be required to pay her expenses under that rule. See Civ.R. 37(A)(4).
 {¶ 16} We find that the magistrate and trial court did not abuse their discretion by denying an award of attorney's fees or discovery sanctions against Appellee under either R.C. 3105.18(H) or Civ.R. 37(A)(4). Accordingly, we overrule Appellant's seventh, eighth, and ninth assignments of error.
 ASSIGNMENT OF ERROR X
"As a matter of law, the trial court erroneously cited [R.C.]3113.215(B)(4) as authority to support [its] finding of a change of circumstances to warrant a modification of child support."
 {¶ 17} In her tenth assignment of error, Appellant states that the trial court erred by erroneously relying upon R.C. 3113.215(B)(4), which was repealed in 2001, to support its finding of a substantial change of circumstances warranting a modification of child support. While we agree that the court cited to the incorrect statute, we find that this is harmless error.
 {¶ 18} Civ.R. 61 states that:
"The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
In this particular case, former R.C. 3113.215(B)(4) was recodified in R.C. 3119.79(A). The new statute retains the ten percent deviation from the statutory guideline as warranting a modification of child support. R.C. 3119.79(A). Because the law as applied by the trial court has not changed, the court's erroneous reference to the former statute is harmless error. Accordingly, we overrule Appellant's tenth assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred and abused [its] discretion when it failed to require Appellee to verify his income as is require by [R.C.] 3119.05(A) and 3119.68(B)(3). This abuse of discretion continued when the trial court did not enforce the order of November 19, 2002 as is required by [R.C.] 3119.72."
 ASSIGNMENT OF ERROR III
"The trial court erred by not dismissing this action when it learned of Appellee's failure to disclose information of relevant sources of income, as he was obligated to provide to CSEA under [R.C.] 3119.68(A)(3). The trial court failed to enforce the order of November 19, 2002 and then failed to make appropriate findings regarding Appellee's violation of that order, as is required by [R.C.] 3119.69."
 ASSIGNMENT OF ERROR VI
"The trial court erred, abusing [its] discretion by arbitrarily modifying the order for child support retroactive to October 1, 2002. * * *" {¶ 19} In her second and third assignments of error, Appellant argues that the magistrate failed to follow proper procedures under the statutes in determining child support.[2] In the first half of her sixth assignment of error, Appellant alleges that the magistrate erred by retroactively modifying child support to the arbitrary date of October 1, 2002. We find that Appellant waived these errors on appeal.
 {¶ 20} Civ.R. 53(E)(3)(d) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53(E)(3)]." Appellant did not file objections to these particular alleged errors below, and we, therefore, lack jurisdiction to review them on appeal. Accordingly, we do not reach the merits of Appellant's second, third, and first half of her sixth assignments of error.
 {¶ 21} We overrule Appellant's ten assignments of error and affirm the decision of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J., concurs.
Carr, P.J., concurs in judgment only.
[1] Given the lack of transcript in this case, we must assume that the numbers indicated by the magistrate and trial court are supported by the evidence below. See Foster, at ¶ 10, citing Knapp,61 Ohio St.2d at 199.
[2] While many of her assignments of error state that the trial court erred in certain matters, the specific errors she alleges actually date back to actions of the magistrate, and not the trial judge in this matter.