DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Patricia L. Yuhas, appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which denied Appellant's motion to modify child support. We affirm.
 {¶ 2} Appellant filed a motion for child support on September 2, 2000, alleging that Appellee, Ronald L. White, was the father of one of her children. Following establishment of paternity, the parties reached an agreement relating to child support: Appellee agreed to pay $496.42 per month in child support, and Appellant agreed to grant Appellee the accompanying tax deduction. The court permitted a deduction from Appellee's income for $6,600 per year, an amount which a previous court order required him to pay to an ex-wife as her portion of his pension following their divorce. Appellant did not appeal the original child support determination.
 {¶ 3} In April and June of 2002, Appellant filed multiple motions, including a request to modify child support. A magistrate eventually rendered a decision denying Appellant's motion to modify child support in July 2003. Appellant filed objections to the decision, supported by an uncertified transcript, which were overruled by the trial court in part due to the failure of Appellant to file a proper transcript. Appellant then filed both an appeal and a motion for relief from the judgment, requesting the court to consider the transcript along with a newly filed certification. This Court remanded the case back to the trial court for consideration of the motion for relief from judgment. After considering the now certified transcript, the trial court reiterated its earlier judgment denying Appellant's motion to modify child support. Appellant timely appealed, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"[The] [c]ourt erred in excluding from the child support calculation sheet $6,600 of [Appellee's] yearly pension income."
 {¶ 4} In her first assignment of error, Appellant argues that the trial court erred by failing to include Appellee's entire yearly pension income in the child support calculation. She opines that the $6,600 that Appellee is required to pay his ex-wife according to a divorce decree should still be included in Appellee's income for the purpose of calculating child support. We disagree.
 {¶ 5} A trial court has broad discretion in decisions regarding child support, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion. Booth v.Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than a mere error of law or judgment, and implies that the decision of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217,219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Given the absence of a proper transcript in this case, as explained in the second assignment of error, we will only review whether the law permits the $6,600.00 deduction.
 {¶ 6} A court may deviate from the recommended child support schedule if it determines that the award would be unjust, inappropriate, or otherwise not in the best interests of the child. R.C. 3119.22. Court ordered payments are one factor which may support deviation from the suggested support amount. R.C.3119.23(C); Eickelberger v. Eickelberger (1994),93 Ohio App.3d 221,225. As rationale supporting the deduction, the trial court in this modification action indicated that Appellant's failure to object to the deduction in the original action should estop Appellant from challenging that deduction now. Further, the magistrate in this action noted that the $6,600.00 would automatically be deducted from gross income if subject to a QDRO. The mere method of payment, the magistrate stated, should not change that result. Both the magistrate and trial judge also recognized that the money was simply unavailable to Appellee as expendable income.
 {¶ 7} Regardless of the rationale employed by the magistrate and trial court, it is undisputable that Appellee pays $6,600.00 per year according to a court order from his previous divorce. Therefore, the magistrate and trial court could properly deviate from the child support schedule under R.C. 3119.22 and R.C.3119.23(C) based upon such a court ordered payment.
 {¶ 8} Appellant cites two cases which she claims require inclusion of the $550 per month in Appellee's income for child support purposes: Sprankle v. Sprankle (Mar. 25, 1998), 9th Dist. No. 2678-M, and DeCapua v. DeCapua (July 13, 1994), 9th Dist. No. 2867. In Sprankle, we found that monies paid to an individual as child support should be includable in gross income. That case is easily distinguishable from the case at bar which deals specifically with whether monies paid to another in accordance with a court order should be excludable from gross income. Sprankle may arguably support Appellee in this case: if receipt of court ordered money is treated as gross income to a party, perhaps court ordered payment of money should be treated as a deduction to that party's income.
 {¶ 9} DeCapua is likewise distinguishable. In that case, the husband argued that money he paid to his ex-wife as her portion of the divorce settlement should be deductible from his gross income as ordinary and necessary business expenses. We found that the court did not err in refusing to permit the husband a deduction based solely upon the fact that those payments were not ordinary and necessary business expenses.DeCapua, supra, at 5. The husband in that case, however, did not assert, as Appellee has, that those payments should be deductible from gross income as court ordered payments of money unavailable to him for payment of child support. The entire premise of each case is decidedly different.
 {¶ 10} We find that the trial court could properly grant Appellee a $6,600 per year deduction from gross income for court ordered property settlement payments which were unavailable to him as expendable income. We overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"[The] [c]ourt erred in awarding [the] tax exemption to [Appellee]."
 {¶ 11} In her second assignment of error, Appellant contends that the trial court erred by awarding the child tax exemption to Appellee. Appellant insists that it is in the best interests of her child for her, as the residential parent, to be granted the tax exemption. We find Appellant's assertions meritless.
 {¶ 12} The trial court noted that Appellant failed to raise as an issue the reallocation of the income tax exemption. Appellant's pleadings did not request re-allocation of the exemption, and she "never presented any evidence that a reallocation of the exemption to her would be in the best interest of [the child]." The court, therefore, refused to find error in the magistrate's continued allocation of the exemption to Appellee.
 {¶ 13} A copy of a transcript from the hearing below is time-stamped and in the record, though it does not appear in any way on the docket sheet of this case. The court, on remand during the pendency of this appeal, decided to consider the transcript following separate certification by the individual who prepared that transcript. This Court, however, may not properly consider any transcript unless it is certified by an official or properly appointed court reporter. Akron v. Giermann, 9th Dist. No. 20780, 2002-Ohio-2650, at ¶ 8. If the court does not have an official court reporter, one must be appointed by journal entry or the parties must follow App.R. 9(C) or (D) to complete the record. Cuyahoga Falls v. James, 9th Dist. No. 2119, 2003-Ohio-531, at ¶ 8-10.
 {¶ 14} While the transcript in this case has been certified, it was neither prepared by an official, assigned court reporter, nor a court reporter appointed on the record to prepare the transcript. Although certification alone may be enough for the trial court, it is not enough to satisfy the mandates and requirements of this Court. As such, we cannot consider the transcript. Given the lack of a proper transcript, we must assume the regularity of the proceedings below, and affirm the decision of the trial court. See Cuyahoga Falls v. Foster, 9th Dist. No. 21820, 2004-Ohio-2662, at ¶ 11. Appellant's second assignment of error is overruled.
 {¶ 15} We overrule Appellant's assignments of error and affirm the judgment of the Medina County Court of Common Pleas, Domestic Relations Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.