JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, James Shikner, pro se,[1] appeals the trial court's imposition of attorney fees for failure to comply with a discovery order in his suit against defendant, SP Solutions, et al. ("SP"). Shikner sued SP, his former employer, for allegedly failing to compensate him for all his work. As part of the discovery process, SP served Shikner with requests for production of documents. SP included requests for Shikner's income tax returns for the years he was employed with the company, but Shikner failed to comply with these requests.
 {¶ 2} Shikner first filed this case in Lake County and dismissed it. It was then refiled in Cuyahoga County. In both filings, as shown by SP's first motion to compel, SP made multiple requests for discovery, without success. At the time the court was about to rule on the motion for discovery in the Lake County case, Shikner dismissed the case. In the present case, SP made numerous requests by letter and by fax before it involved the court. Its efforts were, however, in vain.
 {¶ 3} SP's first motion to compel discovery and for sanctions was filed on November 16, 2004. The next day Shikner filed a response in which he argued that the information sought was not relevant and was intended to harass him.
 {¶ 4} Two days later, the court held a pretrial. In an order dated December 23, 2004, the court extended the date it had stated in its December 15th order, because the original motion to compel was placed by the clerk's office in the wrong file. This second order allowed Shikner until January 3, 2005 to produce the discovery.
 {¶ 5} Shikner failed to provide the discovery by the new deadline. SP filed a second motion for sanctions, to which Shikner responded with a request that the court examine the documents in camera. Attached were extensively redacted tax returns.
 {¶ 6} The day after Shikner filed for the in camera review, the trial court issued an order which stated in pertinent part:
PLAINTIFF WAS TO PROVIDE DEFENDANT WITH HIS LOCAL, STATE, AND FEDERAL TAX RETURNS, INCLUDING HIS W-2 AND 1099 TAX FORMS FROM 1995-PRESENT BY 12/31/04. AS OF 1/13/05, PLAINTIFF HAS FAILED TO COMPLY WITH THIS ORDER. PLAINTIFF HAS UNTIL 1/31/05 TO COMPLY WITH THE COURT'S 12/15/04 ORDER. IN THE EVENT OF NON-COMPLIANCE, THE COURT WILL DISMISS PLAINTIFF'S CLAIMS, WITH PREJUDICE, IN ACCORDANCE WITH CIV.R. 41(B)(1) FOR FAILURE TO COMPLY WITH A COURT ORDER.
Judgment Entry of January 14, 2005. On January 25th, the court expressly denied Shikner's request for an in camera review of the discovery.
 {¶ 7} Shikner did not produce the unredacted tax returns by January 31, 2005 as required by the court order. On February 2, 2005, SP filed a motion for sanctions, requesting attorney fees and dismissal of the case. Although on February 3, 2005, Shikner filed a notice with the court that he had produced the ordered documents, on February 11, 2005 the court granted SP's last motion for sanctions, noting that "PLAINTIFF'S SUBSEQUENT REMITTANCE OF THE UNREDACTED TAX RETURNS WAS PAST THE DUE DATE ORDERED BY THE COURT. * * * PLAINTIFF IS ORDERED TO PAY THE REASONABLE ATTORNEY FEES OF THE DEFENDANT AS RELATING TO THE MOTIONS FILINGS OF THIS CASE." Journal Entry of February 11, 2005.[2] The court also dismissed the case with prejudice, as it had warned Shikner it would if he missed the second deadline.
 {¶ 8} Shikner appealed, but only included the court's order for attorney fees in his appeal. He states one assignment of error:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN AWARDING DEFENDANT'S ATTORNEY FEES IN THE AMOUNT OF $2151.50 IN THAT THERE WAS NO FRIVOLOUS CONDUCT AND NO HEARING CONDUCTED.
 {¶ 9} We review an award of attorney fees under the abuse of discretion standard. Russo v. Goodyear Tire Rubber Co.
(1987), 36 Ohio App.3d 175, 178. Shikner argues that the trial court's sanction of attorney fees does not comply with Civ.R. 11 or with R.C. 2323.51, which both govern imposition of sanctions. He points to two alleged errors which would render the trial court's imposition of attorney fees invalid. First, he notes that the trial court did not hold a hearing prior to imposing the attorney fees. The cases and law he cites, however, pertain to attorney fees imposed pursuant to Civ.R. 11 and R.C. 2323.51, neither of which is applicable in the case at bar.
 {¶ 10} The sanction against Shikner resulted from his violation of Civ.R. 37 when he failed to timely produce documents requested under Civ.R. 34.[3]
 {¶ 11} Civ.R. 37 states in pertinent part:
(A) Motion for order compelling discovery. — Upon reasonable notice to other parties and all persons affected thereby, a party may move for an order compelling discovery as follows:
* * *
(2) Motion. If * * * a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for * * * an order compelling inspection in accordance with the request. * * *
* * *
(4) Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
(B) Failure to comply with order.
* * *
(2) If any party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule * * *, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * *
In lieu of any of the foregoing orders or in addition thereto,the court shall require the party failing to obey the order orthe attorney advising him or both to pay the reasonable expenses,including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
* * *
(D) Failure of party to * * * respond to request for inspection. — If a party or an officer, director, or a managing agent of a party * * * fails * * * to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorneyadvising him or both to pay the reasonable expenses, includingattorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
The failure to act described in this subdivision may not beexcused on the ground that the discovery sought is objectionableunless the party failing to act has applied for a protectiveorder as provided by Rule 26(C). (Emphasis added.)
 {¶ 12} It is clear from the record that SP's counsel made herculean efforts to obtain copies of Shikner's W-2s and tax returns both before and after it had to involve the court. When the court granted SP's motion to compel, the court had already considered and overruled Shikner's reasons for refusing to provide the discovery. When the court ordered Shikner to comply with the request for production, it deferred sanctions until a later date. It was not until Shikner had disobeyed the second order to provide discovery that the court imposed the sanction of attorney fees.
 {¶ 13} Although section (B)(2)(c) of R.C. 2323.51 requires a hearing, this case falls under Civ.R. 37(D), which does not require a hearing before the court imposes sanctions. Civ. R. 37(D) provides a one-step method for the immediate award of sanctions by a trial court when a party fails to serve a written response to a request for inspection submitted under Civ. R. 34. There is no requirement for either a hearing or an order to compel under Civ. R. 37(D) prior to the award of sanctions. If appellants desired an advance determination by the court to avoid the imposition of immediate sanctions, they should have moved for a protective order under Civ. R. 26(C), prior to the time for compliance. Dafco, Inc., et al. v. Reynolds (1983),9 Ohio App.3d 4.
Hall v. Smith (Sept. 23, 1985), Warren App. No. CA84-11-082, 1985 Ohio App. LEXIS 7111, at *6. See, also, Davis v. ByersCircle Investments (Mar. 29, 1990), Franklin App. No. 89AP-878, 1990 Ohio App. LEXIS 1255, *11, ("Plaintiff's contention that the sanctions by the trial court were imposed without notice and hearing and thus deprived plaintiff of the right to procedural due process is without merit. * * * Civ. R. 37(D) allows for sanctions imposed by the trial court in this action without the necessity of a prior order.") Shikner's argument that the trial court was required to hold a hearing before imposing attorney fees, therefore, is without merit.
 {¶ 14} Shikner argues alternatively that because his conduct was not frivolous, the court erred in imposing attorney fees. Frivolous conduct, however, is not a condition precedent to the imposition of attorney fees under Civ.R. 37. In fact, under Civ.R. 37(D), the imposition of attorney fees for failure to timely provide discovery is mandatory unless the court makes an express finding that the withholding of discovery was justified or that an award would be unjust. Soloman v. Excel Marketing
(1996), 114 Ohio App.3d 20, 28. In Soloman, the trial court had not imposed attorney fees for a party's failure to comply with discovery and the court had not made a finding either that the delay was substantially justified or that other circumstances made the award unjust. The Second Appellate District remanded the case with the order for "determination of Soloman's reasonable expenses, including attorney's fees, as a result of Excel's failure to respond to discovery." Id. at 29.
 {¶ 15} Contrary to Shikner's argument, therefore, the trial court would have been in error if it had failed to award attorney fees. "These rules require the trial court to either award expenses or make an express finding on the record `that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.' MaCarthyv. Dunfee (1984), 19 Ohio App.3d 68, 69, 482 N.E.2d 1291. The failure to make this finding on the record is error. Id. at 70."Carpenter v. United Ohio Insurance Co. (May 9, 1997), Crawford App. No. 3-96-16, 1997 Ohio App. LEXIS 2012, at * 10-11. The trial court in the case at bar did not err, therefore, in awarding attorney fees to SP for Shikner's failure to provide discovery, especially in light of his willful disregard of two court orders.
 {¶ 16} Because the trial court did not err in awarding attorney fees to SP for Shikner's failure to provide discovery, even in the face of a court order, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and McMonagle, J., Concur.
[1] Shikner's counsel withdrew from the case after filing appellant's brief but before oral argument.
[2] In a response brief to Shikner's notice of producing the documents, SP noted that even the unredacted copies he provided were incomplete and in fact missing several years. Moreover, Shikner had included only the federal tax returns, not all his tax returns, as ordered by the court.
[3] Civ.R. 34 states in pertinent part:
* * * any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requesting party's behalf (1) to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which intelligence can be perceived, with or without the use of detection devices) that are in the possession, custody, or control of the party upon whom the request is served; (2) to inspect and copy, test, or sample any tangible things that are in the possession, custody, or control of the party upon whom the request is served * * *. (Emphasis added.)