DECISION AND JOURNAL ENTRY
 INTRODUCTION
{¶ 1} Jason Charlton was charged with misdemeanor domestic violence. His trial resulted in a hung jury, after which he pleaded no contest to disorderly conduct, a fourth degree misdemeanor. Seven months later, he moved to withdraw his plea. The trial court held a hearing, granted the motion, and accepted Mr. Charlton's plea to fourth degree misdemeanor disorderly conduct under a section that would not make Mr. Charlton ineligible to own a handgun under the Brady Bill. The trial court imposed the same sentence. Mr. Charlton has attempted to appeal the trial court's judgment. This Court dismisses his attempted appeal because it is not taken from a final order.
 FINAL APPEALABLE ORDER {¶ 2} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the *Page 2 
conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court."State v. Baker, Ohio St. 3d, 2008-Ohio-3330, syllabus (explaining Rule 32(C) of the Ohio Rules of Criminal Procedure). This Court has held repeatedly that a judge's handwritten notations made on a case file are insufficient to serve as a judgment entry unless those notations have been filed with the clerk. See, e.g., City of Cuyahoga Falls v.Foster, 9th Dist. No. 21820, 2004-Ohio-2662, ¶ 5, citing State ex rel.White v. Junkin, 80 Ohio St. 3d 335, 337 (1997). The judgment entry from which Mr. Charlton has attempted to appeal does not comply with these requirements.
 {¶ 3} The judgment entry is written on a preprinted file folder from Akron Municipal Court. The file folder contains handwritten notes, apparently added at different times during the proceedings. Relevant to this appeal, there appears to be a handwritten note showing the new Ohio Revised Code section to which Mr. Charlton pleaded no contest, the trial judge's initials, and the date, "11-13-07." There is no time stamp showing journalization by the clerk of court, and, therefore, there is no final appealable order.
 CONCLUSION {¶ 4} The trial court's Journal Entry in this case is not a final, appealable order. This appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 3 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1