{¶ 23} I concur in the majority's resolution of assignment of error number three, concluding that this Court lacks jurisdiction to address allegations of judicial misconduct and matters of disqualification. I respectfully dissent, however, as to the majority's resolution of assignments of error numbers one, two, and four. A review of the transcripts in this case reveals *Page 10 
that an official court reporter did not certify them in their entirety. As such, I would presume regularity and affirm the judgment of the lower court as to these assignments of error.
 {¶ 24} In In re T. C., this Court opined the following:
 "We begin by noting that it is the appellant's duty to transmit the transcript of proceedings to the court of appeals. App. R. 10(A). Loc. R. 5(A). This duty falls to the appellant because the appellant has the burden of establishing error in the trial court. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Where the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has `no choice but to presume the validity of the lower court's proceedings, and affirm.' Knapp, 61 Ohio St.2d at 199.
 "* * *
 "This Court has indicated that it may not properly consider a transcript unless it is certified by an official or properly appointed court reporter. White v. Yuhas, 9th Dist. No. 03CA0135-M, 2004-Ohio-5449, at ¶ 13, citing Akron v. Giermann, 9th Dist. No. 20780, 2002-Ohio-2650, at ¶ 8. When the reporter prepares a transcript, it must be done in a manner consistent with the structure set forth in App. R. 9(B), the reporter must `certify the transcript as correct[,]' and must `state whether it is a complete or partial transcript.' App. R. 9(B). Loc. R. 6(B) explains that the certificate of an official court reporter must be signed by the court reporter and must reflect the court reporter's appointment by the trial court. See State v. Burrows (May 24, 2000), 9th Dist. No. 98CA007220, at * 1 (where the record failed to indicate that the reporter was `acting as the official court reporter for the Elyria Municipal Court,' appellant should have proceeded under App. R. 9(C) or 9(D)).
 "Loc. R. 6(C) explains that no transcript of proceedings shall be considered as part of the record on appeal unless one of the following applies:
 "(1) The official court reporter has certified the transcript as provided in [Loc. R. 6(B)];
 "(2) The record contains an entry of the trial court appointing the court reporter who has certified the transcript;
 "(3) The transcript is a part of the original papers and exhibits filed in the trial court;
 "(4) The transcript has been incorporated into an App. R. 9(C) statement that has been approved by the trial court; or *Page 11 
 "(5) The court of appeals has granted a motion to supplement the record with a transcript that was filed in a prior appeal." In re T.C., 9th Dist. Nos. 07CA009248 07CA009253, 2008-Ohio-2249, at ¶ 16-19.
The transcripts in this case do not comply with this Court's mandate inIn re T.C.
 {¶ 25} Appellants filed four volumes of transcripts. Volumes One and Three do not have any court reporter certification. Volume Two has the following court reporter certification:
 "I, Heather N. Mounsey, Official Court Reporter of the Court of Common Pleas, Lorain County, Ohio, do hereby certify that this is a correct transcript of the proceedings in this case on October 4, 2006. I further certify that this is a complete transcript of the proceedings on that date" (Emphasis added.)
Volume Four has the following different court reporter certification:
 "I, Jacquelyn Waldron, Official Court Reporter of the Court of Common Pleas, Lorain County, Ohio, do hereby certify that this is a correct transcript of the proceedings in this case commencing on October 2, 2006. I further certify that this is a complete transcript of the proceedings on that date" (Emphasis added.)
Accordingly, the certification on Volume Two only certifies the proceedings on October 4, 2006, and the certification on Volume Four appears to certify only the proceedings that occurred on October 2, 2006. Moreover, a review of the docket reveals that there were no proceedings on October 2, 2006. The trial commenced on October 3, 2006 and lasted until October 6, 2006.
 {¶ 26} This Court's Local Rules suggest the following format for a court reporter's certification of a complete transcript:
 "I,________, official court reporter for [name of court], duly appointed therein, do hereby certify that the ["foregoing transcript of proceedings, consisting of pages," * * *] together with exhibits, is a true and complete transcript of the proceedings conducted before the Honorable______, judge of said court, on the_______day of________, 20__, as transcribed by me." Loc. R. 6(B)(1).
Our rules suggest such a format to ensure the propriety of the certification and the reliability of the transcripts being certified. After reviewing the certifications contained in Appellants' transcripts, I am not convinced of their propriety. As such, I do not believe that the record contains a correct and complete transcript of the proceedings below. I would presume regularity *Page 12 
and conclude that Appellants failed to establish their burden on appeal on their first, second, and fourth assignments of error. SeeKnapp, supra. Accordingly, I respectfully dissent with regard to these assignments of error, and concur with regard to Appellants' third assignment of error. *Page 1