[Cite as *Strongsville v. Feliciano*, 194 Ohio App.3d 476, 2011-Ohio-3266.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96294**

## CITY OF STRONGSVILLE,

APPELLEE,

v.

## FELICIANO,

APPELLANT.

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Berea Municipal Court
Case No. 10 CRB 00688

**BEFORE:**  Rocco, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  June 30, 2011

George F. Lonjak, Strongsville City Prosecuting Attorney, for appellee.

Tiaon Michele Lynch, for appellant.

KENNETH A. ROCCO, Judge.

**{¶ 1}**  Defendant-appellant, Alnardo Feliciano, was charged in Berea Municipal Court with domestic violence in violation of R.C. 2919.25(A) and eventually entered a plea of guilty to a charge of disorderly conduct.  After the trial court imposed sentence, Feliciano paid his fine but filed a notice of appeal and requested the trial court to stay execution of the remainder of his sentence.

**{¶ 2}**  Feliciano now seeks to appeal from his conviction; however, this court cannot consider this case and must dismiss this appeal because the trial court did not enter a final order.

**{¶ 3}**  "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) [*the time stamp showing journalization*] by the

*clerk of court.*"   (Emphasis added.)   *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, explaining Crim. R. 32(C).

{¶ 4}   A trial judge's handwritten notations made on a case file are insufficient to serve as a judgment entry unless those notations have been time-stamped by the court's clerk.   *State v. Charlton*, Summit App. No. 24035, 2008-Ohio-3771;   *Cuyahoga Falls v. Foster*, Summit App. No. 21820, 2004-Ohio-2662, ¶ 5, citing *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267.

{¶ 5}   The record submitted in this case demonstrates that the Berea municipal court's clerk has time-stamped some of the court's docket entries. The "journal entry" from which Feliciano has attempted to appeal, however, is simply a part of a preprinted file folder.   The entire file folder contains many handwritten notes, apparently added at different times during the proceedings.

{¶ 6}   Handwritten marks on the case file folder indicate that Feliciano was found guilty of "Dis. Conduct (M4)" and received a sentence for that conviction, but the "journal entry" does not bear a time-stamp showing journalization by the clerk of court.   Moreover, although Feliciano submitted with his notice of appeal a "copy" of the judgment entry, it, too, bears neither

the judge's signature nor the court clerk's time-stamp. Therefore, the judgment does not comply with *Baker* requirements.

Appeal dismissed.

BLACKMON, P.J., and E. GALLAGHER, concur.