DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Biehl, appeals from the judgment of the Cuyahoga Falls Municipal Court finding that he had failed to obtain a building permit prior to erecting a structure on his property. We affirm.
 I. {¶ 2} On May 3, 2004, a complaint was filed against Appellant in Cuyahoga Falls Municipal Court. The complaint alleged that Appellant had failed to obtain a building permit in violation of Cuyahoga Falls Codified Ordinance ("C.F.C.O.") 1323.02. Appellant was brought to trial on July 7, 2004 and found guilty. Appellant was sentenced to 180 days in jail and fined $1,000. The imposition of his sentence was stayed 30 days so that Appellant could return to court to demonstrate compliance with the building code or removal of the structure. Appellant timely appealed his conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"The complaint/summons lacks specificity and is consequently unconstitutionally void for vagueness."
 {¶ 3} In his sole assignment of error, Appellant argues that his conviction must be reversed because the complaint he was issued did not place him on notice of the facts which constituted the charges against him. This Court disagrees.
 {¶ 4} Crim.R. 12(C)(2) requires that any objections or defenses based upon defects in the charging instrument must be raised before trial. The record before this Court does not demonstrate that Appellant raised any objection in the trial court regarding the complaint. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, App.R. 16(A)(7). Additionally, while the Court of Appeals of Ohio, Ninth Judicial District transcripts of the proceedings below were not available to Appellant, he did not provide this Court with a statement pursuant to App.R. 9(C) despite requesting additional time from this Court to create such a statement. As such, with no evidence in the record of an objection to the form of the complaint, we must presume regularity of the trial court proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Appellant has, therefore, waived any error regarding the form of the complaint. Crim.R. 12(G). See, also,State v. Stevens (Dec. 30, 1994), 9th Dist. No. 16582, at 31.
 {¶ 5} In his brief, Appellant also argues that the indictment failed to charge an offense, an objection which need not be raised prior to trial. Crim.R. 12(C)(2). An objection during the trial court proceedings, however, is still required to preserve the issue for appeal. See State v. Cochran (Dec. 29, 1995), 2d Dist. No. 94-CA80. Appellant has failed to demonstrate that he preserved this issue for appeal, nor has he demonstrated that the trial court lacked subject matter jurisdiction, as discussed below.
 {¶ 6} Assuming arguendo that Appellant has not waived his assignment of error, we find that it lacks merit. Appellant was charged with violating C.F.C.O. 1323.02(a) which provides as follows:
"No owner * * * shall construct * * * any building or structure to which the Ohio Basic Building Code is applicable * * * without complying with this chapter."
 {¶ 7} In the instant matter, the complaint charging Appellant read:
"Robert Biehl did begin work on a project or job for which a license is required or before a proper permit fee was paid and a permit issued, thereby violating [C.F.C.O.] 1323.99, a misdemeanor of the first degree."
 {¶ 8} We note that the above paragraph had another name in place of Appellant's that was struck through and Appellant's name was handwritten on the complaint. As detailed below, however, sloppy drafting is not fatal to the efficacy of a complaint.
 {¶ 9} The complaint stated the essential terms of the offense; erecting a structure without a permit, and the numerical designation of the statute Appellant violated. Further, the complaint properly alleged that the offense took place in the city of Cuyahoga Falls, Summit County, Ohio. As such, the complaint, while lacking some specificity, complied with Crim.R. (7)(B). If Appellant desired more specific details of the alleged crime, he had the opportunity to file a motion in the trial court requesting such information. There is no evidence in the record that Appellant requested such information. The record does contain, however, a letter sent to Appellant detailing the address of the structure, the type of structure, and the specific procedures that Appellant failed to obey. As such, Appellant was informed by Appellee of the facts giving rise to the complaint. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. Concur.