DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Thomas Phibbs and Katherine Goldberg, appeal from the judgment of the Summit County Court of Common Pleas, that granted the motion in limine of Appellees, Children's Hospital Medical Center of Akron (the "Children's Hospital"), William Stone, M.D., and James Prebis, M.D. We affirm.
 I. {¶ 2} This case arises from an alleged incident of medical malpractice, involving Thomas, a 16 year-old adolescent diagnosed with Henoch-Schonlein Purpura with acute renal failure and other medical conditions. Thomas received treatment for his condition at the Children's Hospital from May-July, 1996.
 {¶ 3} On January 24, 1997, Ms. Goldberg, individually and as the natural mother of Thomas, filed a complaint for medical malpractice against the Children's Hospital, Dr. Stone, Dr. Prebis, and other defendants not parties to this appeal, asserting that they mismanaged Thomas' medical treatment and failed to diagnose abdominal abscesses which resulted in a perforation of his colon. This complaint was thereafter voluntarily dismissed. Ms. Goldberg refiled the case on March 8, 2001.
 {¶ 4} Although the parties engaged in extensive motion practice, the only contested issues on appeal involve motions in limine filed by Appellees. Children's Hospital and Dr. Prebis filed a motion in limine on December 23, 2003, which sought to exclude Appellants' witness, William Inboden, D.O., from testifying as an expert. Dr. Stone filed a motion in limine on December 30, 2003, which also sought to exclude the testimony of Inboden.
 {¶ 5} On March 19, 2004, the Children's Hospital and Dr. Prebis filed another motion in limine, this time seeking to exclude the testimony of Appellants' expert, Dr. Michael Miller, regarding any damages, injuries, treatment, and care that occurred after Thomas' discharge from the Children's Hospital on July 29, 1996. On March 22, 2004, Dr. Stone filed a motion in limine to bar Dr. Michael Miller from testifying as to causation and/or life expectancy. Court of Appeals of Ohio, Ninth Judicial District.
 {¶ 6} Dr. Stone filed another motion in limine on April 1, 2004 to bar the testimony of David Goldfarb and John Burke regarding economic value of Thomas' reduced life expectancy.
 {¶ 7} On March 5, 2004, the trial court granted the motions in limine of Children's Hospital, Dr. Prebis and Dr. Stone that sought to bar Inboden from testifying. On June 23, 2004, the court granted the motions in limine seeking to exclude the testimony of Dr. Miller, Dr. Goldfarb, and Dr. Burke.
 {¶ 8} The case proceeded to trial on July 26, 2004. A jury reached a verdict in favor of Appellees. This appeal followed.
 {¶ 9} Appellants timely appealed, asserting two assignments of error for review.
 II. First Assignment of Error
"The trial court abused its discretion and clearly erroneous in granting the defendants-appellees motion in limine dated March 5, 2004." [sic]
 Second Assignment of Error
"The trial court abused its discretion and clearly erroneous in granting the defendants-appellees motion in limine dated june 23, 2004." [SIC]
 {¶ 10} In their first and second assignments of error, Appellants challenge the trial court's grant of Appellees' motions in limine.
 {¶ 11} A ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial, and cannot serve as the basis of assigned error on appeal. Statev. Grubb (1986), 28 Ohio St.3d 199, 201-02; Cunningham v.Goodyear Tire Rubber Co. (1995), 104 Ohio App.3d 385, 393. Because a ruling this motion is only preliminary, a party must seek to introduce the evidence or testimony once the issue is presented at trial, in order to properly preserve the issue for appeal. State v. Maurer (1984), 15 Ohio St.3d 239, 259-60.
 {¶ 12} Loc.R. 5(A) provides that it is the appellant's duty "to ensure that the appellate court file actually contains all parts of the record necessary to the appeal." See, also,Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. The docketing statement provides that the record on appeal would consist only of the original papers, exhibits, and a certified copy of the docket and journal entries, but not a transcript of the proceedings in the trial court. The transcript of proceedings was not filed and made part of the record in the trial court prior to final judgment. Because we are without the transcript of the trial, we cannot determine whether Appellants properly preserved the trial court's rulings on the motions in limine with a proffer of the testimony and evidence. See Grubb,
28 Ohio St.3d at paragraph two of the syllabus. Thus, we must presume regularity in the trial court's proceedings and affirm the trial court's judgment. See Elyria v. Sweeney (Dec. 20, 2000), 9th Dist. No. 00CA007581, at *5, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.[1]
 {¶ 13} Appellants' assignments of error are overruled.
 III. {¶ 14} Appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.
[1] It should be pointed out that this might have been considered a frivolous appeal. There was nothing in the record to indicate that there was a proffer of the expert testimony. This is basic to preserving the issue for appeal. There was nothing to point out where that expert opinion might be found or the reason it was not in the record. There are no specific citations as to why or how the opinions would be admissible as expert opinions in this fact scenario. There was no transcript of the trial proceedings filed at all in this case. Appellees offered to waive oral argument on condition Appellant would waive. That offer was declined. Then the attorney for Appellants did not appear for the oral argument. Had Appellees requested App.R. 23 sanctions, this Court would have given that motion due consideration.