**In re J.F.**

[Cite as *In re J.F.*, 162 Ohio App.3d 716, 2005-Ohio-4258.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 04CA0081–M.

Decided Aug. 17, 2005.

Joel Levin and Christopher M. Vlasich, for appellants.

Edward Richard Stege, for appellees.

BATCHELDER, Judge.

{¶ 1} Appellants, Kimberly Andexlinger and Glenn Fish, individually and on behalf of J.F., a minor, and Levin & Associates Co., L.P.A. ("Levin"), appeal from the judgment of the Medina County Court of Common Pleas, Probate Division, which awarded $25,000 in attorney fees plus costs to appellee, Edward Richard Stege. We reverse and remand.

I

{¶ 2} While playing in the Hook's Lagoon Pool at Six Flags Worlds of Adventure in Aurora, Ohio in August 2000, J.F. became trapped in a plastic grate

at the bottom of the pool and lost consciousness. She was rescued by a bystander and life-flighted to Metro Hospital, where she was admitted and remained in a coma for several days. J.F. sustained bruising and lacerations and has permanent scarring from the entrapment. As a result of her injuries, J.F. was treated by a number of physicians and healthcare providers, which generated significant healthcare expenses.

{¶ 3} On September 12, 2000, Fish and Andexlinger retained the services of appellee Stege as legal counsel to represent J.F. in the litigation of potential claims arising out of J.F.'s accident suffered at Six Flags. The contingency fee agreement signed by these parties provided for a sliding scale fee, wherein Stege would receive 25 percent in the event a settlement was reached prior to filing suit, or within 90 days after a lawsuit was filed.

{¶ 4} In August 2002, no settlement having been reached or complaint yet filed by Stege, Fish and Andexlinger discharged him. They then retained appellant Levin, who immediately thereafter filed a complaint in the Cuyahoga County Court of Common Pleas on behalf of J.F. and her parents against several defendants, including Six Flags. The contingency fee agreement Fish and Andexlinger signed with Levin individually and on behalf of J.F. provided for a 40 percent fee.

{¶ 5} Ultimately, appellants reached a partial $200,000 settlement agreement with Six Flags and filed an application to settle a minor's claim in the Probate Division of the Medina County Court of Common Pleas, the event that led to the instant appeal. However, neither Stege nor Levin filed with the probate court an application for authority to enter into their respective fee agreements prior to their execution, as required by Sup.R. 71(I).

{¶ 6} Nevertheless, Levin filed a motion to approve attorney fees with the probate court. Stege and the law firm of Stege & Michelson Co., L.P.A., filed a motion to intervene and for payment of fees and disbursements, asserting that Stege was entitled to approximately $68,000 in legal fees and expenses incurred while he represented Fish, Andexlinger, and J.F. The trial court approved the $200,000 settlement, and subsequently held a hearing on the motions.

{¶ 7} In its subsequent judgment, the trial court initially noted that the parties had not complied with the requirement set forth in Sup.R. 71(I). The court then determined that Levin's 40 percent contingency fee was excessive and concluded that it would apply a 33 1/3 percent fee, or $66,667 of the $200,000 settlement amount, to determine both attorney fees.

{¶ 8} The court then proceeded to find that Stege worked 338.40 hours on the case and expended $3,089.85 in expenses. Using the hourly rate of $175 as the

prevailing hourly rate in Cleveland where Stege works, the court calculated the total amount of Stege's attorney fees to be $59,220. The court determined, by calculating 25 percent of the entire $200,000 settlement amount, that Stege's fee amount could not exceed $50,000 plus expenses, on a quantum meruit basis. Furthermore, the court considered the settlement amount Stege claimed he would have encouraged the parties to accept, which was $100,000. Based on all of these findings, the court ultimately concluded, based on the 25 percent rate in Stege's agreement, that he was entitled to $25,000 plus $3,089.85 in expenses. The court then subtracted $25,000 from the total $66,667, and awarded Levin the remaining $41,667, plus $12,462.56 in expenses. It is from this judgment that appellants now appeal.

{¶ 9} Appellants timely appealed, asserting one assignment of error for review.

II

Assignment of Error

"The probate court committed prejudicial error when it awarded attorneys' fees to Edward Richard Stege in the amount of $25,000."

{¶ 10} In their sole assignment of error, appellants contend that the trial court erred in awarding $25,000 in attorney fees to Stege. We agree, but for the following reason.

{¶ 11} In *Fox & Assoc. Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 72, 541 N.E.2d 448, the Supreme Court of Ohio held that an attorney discharged by a client is entitled to recover the reasonable value of services rendered to the client prior to discharge on the basis of quantum meruit, irrespective of whether the discharge occurred with or without just cause, or whether the contract between the attorney and client was express or implied. This court has explained such a quantum meruit analysis:

"A trial court called upon to determine the reasonable value of a discharged contingent-fee attorney's services in *quantum meruit* should consider the totality of the circumstances involved in the situation. The number of hours worked by the attorney before the discharge is only one factor to be considered. Additional relevant considerations include the recovery sought, the skill demanded, the results obtained, and the attorney-client agreement itself." *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 629 N.E.2d 431, paragraph three of the syllabus. "Other factors to be considered will vary, depending on the facts of each case." Id. at 576, 629 N.E.2d 431. DR 2–106(B) gives guidance in determining the reasonableness of attorney fees * * *. "Because the factors to be considered are based on the equities of the situation, those factors, as well as the ultimate amount of quantum meruit recovery by a discharged attorney, are matters to be resolved

by the trial court within the exercise of its discretion." Id. at 577, 629 N.E.2d 431.

*Goldauskas v. Elyria Foundry Co., Inc.* (2001), 145 Ohio App.3d 490, 495, 763 N.E.2d 645. See, also, Sup.R. 71(A) ("Attorney fees in all matters shall be governed by DR 2–106 of the Code of Professional Responsibility").

{¶ 12} Although the trial court reviewed Levin's fee agreement and determined that the 40 percent stated therein was excessive, it assessed the agreement only for the purpose of determining what percentage of the settlement agreement would be allocated between *both* counsels. The court did engage in an analysis of the valuation of Stege's fees. The probate court noted in its judgment entry that neither party had complied with Sup.R. 71(I) requirement to seek approval to enter into the contingency fee agreements prior to their execution. Despite this observation, the court appears to have based its attorney fee calculations on Stege's fee agreement.

{¶ 13} The probate court was not obligated to take notice of and rely upon the provisions of Stege's agreement. Certainly, a court should be cautious when basing attorney fee calculations upon a legal fee agreement in circumstances such as these, where prior counsel asserts standing to intervene despite debatable legal contribution and benefit to the client. The court's primary responsibility is to balance all of the circumstances of the case in order to effect an *equitable* allocation of attorney fees. A trial court is afforded no discretion to decide what legal principles to apply in this case. How the court balances all of the circumstances, and what it determines to be an equitable apportionment of fees, on the other hand, is a different story, with a different review standard. See *Goldauskas,* 145 Ohio App.3d at 495, 763 N.E.2d 645.

{¶ 14} In addition, the court entirely omitted assessment of Levin's attorney fees under the above-mentioned standard, but rather simply subtracted Stege's $25,000 amount from the total $66,667. The decision demonstrates that the court failed to review Levin's agreement and services, i.e., time, effort, and skill of the attorney in the representation, to name a few factors, under the standards set forth in Sup.R. 71 and DR 2–106. See *In re York* (1999), 133 Ohio App.3d 234, 244, 727 N.E.2d 607. In sum, the judgment does not indicate that the court applied the standard to both parties, and therefore, we cannot pass on the reasonableness of the respective awards until the probate court has done so. Thus, we conclude that the trial court erred in awarding the attorney fee amounts on the above-mentioned basis.[1]

{¶ 15} Based upon the foregoing, we do not determine whether the trial court abused its discretion in granting these particular attorney fee sums at this time,

---

1. Upon a review of the record, we also observed that the "transcript of proceedings" filed by appellants was not prepared by an official court reporter of the Medina County Court of

but instead reverse the judgment of the trial court to the extent it is inconsistent with our analysis above. We remand the cause to the probate court so that it may carry out further proceedings in accordance with this decision.

{¶ 16} Appellants' sole assignment of error is sustained.

## III

{¶ 17} Appellants' sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded to the probate court for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

WHITMORE, P.J., and MOORE, J., concur.

Common Pleas. On appeal, this court may only consider a transcript prepared by the official court reporter, who "is the person appointed by the court to transcribe the proceedings for the trial court * * *." App.R. 9(B). Furthermore, the transcript and record do not reflect compliance with any of the prerequisites in Loc.R. 6(C) for this court to consider the transcript as part of the record. Therefore, were we actually determining the reasonableness of the court's attorney fee calculations at this time, the transcript of the hearing would not properly be before this court, and we would be limited to a review of the record on appeal as provided to use pursuant to App.R. 9.App.R. 12(A)(1)(b). Appellants never filed an App.R. 9 statement with this court as they originally intended to do. Such an omission often proves fatal for an argument on appeal. See *Phibbs v. Childrens Hosp. Med. Ctr.,* 9th Dist. No. 22301, 2005-Ohio-3116, 2005 WL 1460309, at 12; *Cuyahoga Falls v. Biehl,* 9th Dist. No. 22244, 2005-Ohio-2809, 2005 WL 1339124, at 4.