OPINION
{¶ 1} Appellant, Jay G. Perez, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to intervene and to file an intervening complaint instanter. Because the trial court's decision and entry is not a final, appealable order, we dismiss appellant's appeal. *Page 2 
 {¶ 2} Through appellant, and through attorneys William Mann, Daniel Boda and their law firm of Mitchell, Allen, Catalano Boda ("Mitchell, Allen"), plaintiff Maria Luna, individually and as guardian of her minor son Angel Flores, filed a complaint on December 30, 2002 against Allstate Insurance Company and Mark D. Lacey. The complaint sought compensation for personal injury and property damages sustained as a result of Lacey's negligent driving. After Allstate and Lacey both filed answers, the parties agreed to dismiss Allstate, further agreeing that if uninsured or underinsured coverage became an issue, Allstate could be noticed again.
 {¶ 3} On October 26, 2005, plaintiffs filed a motion for summary judgment on the issue of Lacey's negligence; the trial court granted the motion on December 5, 2005 and continued the trial to June 2006. As a result of negotiations, the case apparently was settled on behalf of Luna, leaving pending only the action on behalf of Flores. Evidently because the working relationship between appellant and his co-counsel was deteriorating, appellant filed on May 9, 2006 a "Notice of Appearance and Substitution of Counsel," requesting the court to substitute appellant as the attorney of record in place of Mann. The next day, Mann, Boda and the Mitchell, Allen law firm filed a motion to withdraw as lead trial counsel for plaintiffs, asking the court to authorize them to immediately withdraw from the case. The following day the trial court granted the motion to withdraw and continued the trial to October 3, 2006.
 {¶ 4} On October 26, 2006, the trial court entered a show cause order, requiring plaintiffs to show cause why the case should not be dismissed for failure to appear for trial on October 3, 2006. Apparently receiving a response to its show cause order, the trial court continued the trial until November 29, 2006. *Page 3 
 {¶ 5} On February 15, 2007, appellant filed a motion to intervene and to file an intervening complaint instanter. In the memorandum in support of his motion, appellant explained he was notified on February 13, 2007 that his employment as counsel for plaintiffs was terminated. Appellant stated he had "a significant interest in this matter under the theory of quantum merit [sic] and therefore he brings this action to protect his interest. A discharged attorney is entitled to recover reasonable attorney fees under the theory of quantum merit [sic]." Ten days later, attorneys Mann and Boda of the Mitchell, Allen law firm filed a notice of appearance of counsel to replace appellant as trial counsel for plaintiffs. On April 23, 2007, the trial court denied appellant's motion to intervene and to file an intervening complaint instanter. Appellant appeals, assigning two errors:
 1. THE TRIAL COURT ERRED AS AN ABUSE OF DISCRETION BY NOT GRANTING APPELLANT'S MOTION TO INTERVENE.
 2. THE TRIAL COURT ERRED AS AN ABUSE OF DISCRETION BY MAKING DISCHARGED ATTORNEY SOLELY RELIANT UPON NEW ATTORNEY TO PROTECT HIS INTEREST.
 {¶ 6} An appellate court has jurisdiction over final, appealable orders; if an order is not final, then an appellate court has no jurisdiction. Section 3(B)(2), Article IV, Ohio Constitution;General Acc. Ins. Co. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 20. To be final and appealable, an order of a court must meet the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B).State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315, at ¶ 5. "The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02." Gehm v. Timberline Post Frame,112 Ohio St.3d 514, 2007-Ohio-607, at ¶ 15. *Page 4 
 {¶ 7} Because appellant contends the order here denies a provisional remedy, "the following conditions must be met: (a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3), (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal, and (c) a delay in review of the order until after final judgment would deprive the appellant of any meaningful or effective relief." Id. at ¶ 23, quoting State v. Upshaw, 110 Ohio St.3d 189, 2006-Ohio-4253, at ¶ 15.
 {¶ 8} The first prong of the test requires appellant to demonstrate the order denying his motion to intervene is an order that denies a provisional remedy. Pursuant to R.C. 2505.02(A)(3), a provisional remedy is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of a privileged matter, [or] suppression of evidence." The Supreme Court of Ohio has "consistently held that a proceeding ancillary to an action when it is `one that is attendant upon or aids another proceeding.'"Gehm, at ¶ 25, quoting Upshaw, at ¶ 16, quoting State v. Muncie (2001),91 Ohio St.3d 440, 449, quoting Bishop v. Dresser Industries, Inc.
(1999), 134 Ohio App.3d 321, 324.
 {¶ 9} Employing those definitions, the Ohio Supreme Court inGehm addressed a situation much like that raised in appellant's appeal. In Gehm, Westfield Insurance Company ("Westfield") sought to intervene in an existing action that a property owner filed against a contractor to recover property damages arising out of construction of a building. Westfield sought to intervene in the action in order to create a record necessary "to evaluate any indemnification obligation pursuant to a later declaration of coverage by another court." Id. at ¶ 22. *Page 5 
 {¶ 10} In response to Westfield's assertions, the Supreme Court noted Westfield cited no authority to support its contention that a provisional remedy, and specifically an ancillary proceeding, "may be used to aid a case other than the attendant, underlying action. Indeed, the law is the opposite." Id. at ¶ 26. In support, the court noted that all of the examples set forth in R.C. 2505.02(A)(3) "pertain only to the underlying action." Id. at ¶ 27. The Supreme Court thus concluded "that a motion to intervene for the purpose of establishing a record in a separate action is not an ancillary proceeding to an action and does not qualify as a provisional remedy for the purposes of R.C. 2505.02." Id.
 {¶ 11} The Supreme Court observed that the only other possible basis on which the denied motion to intervene could qualify as a final, appealable order under R.C. 2505.02 is that "it affects a `substantial right' as defined by R.C. 2505.02(A)(1) and that `in effect determines the action and prevents a judgment.' R.C. 2505.02(B)(1)." Id. at ¶ 28. Acknowledging that "intervention constitutes a substantial right under R.C. 2505.02(A)(1)," the Supreme Court noted the issue resolved to whether the order "in effect determines the action and prevents a judgment" under R.C. 2505.02(B)(1). Id. at ¶ 30. The Supreme Court determined the trial court's denial of Westfield's motion to intervene did not affect a substantial interest. Specifically, because Westfield sought and was denied intervention, it thus would not be estopped from litigating its claims in another case; because no order determined the action with respect to Westfield, the denial of the motion to intervene did not prevent a judgment. The Supreme Court thus determined the matter was not final and appealable. Id. at ¶ 37.
 {¶ 12} Similarly, appellant's motion to intervene at issue here is not appealable. The order denying the motion to intervene is not a provisional remedy because the *Page 6 
motion to intervene is not ancillary to the underlying action. Rather, like Westfield in Gehm, appellant here seeks to enhance his future standing in the event he is forced to pursue a claim of quantum meruit in order to be paid for services rendered to the plaintiffs. Because his reasons for intervening do not aid the underlying action, the order denying his motion did not deny a provisional remedy. Moreover, as inGehm, the trial court's order did not affect a substantial right: because that issue is not litigated in the action in the common pleas court, appellant has the opportunity, if necessary, to litigate in the future his entitlement to quantum meruit compensation for services rendered to plaintiffs.
 {¶ 13} In an attempt to circumvent Gehm, appellant cites to In reJ.F., 162 Ohio App.3d 716, 2005-Ohio-4258, and In re Stine, Hancock App. No. 5-06-11, 2006-Ohio-6687, appeal not allowed, 113 Ohio St.3d 1491,2007-Ohio-1986, to support his contention that "Ohio courts have allowed discharged attorney to intervene in their former clients [sic] cased [sic] to protect their interest." (Nov. 7, 2007 Memorandum.) Neither case aids appellant's argument. Each involved intervention in the probate court where the case was pending for the purpose of approving settlement for the minor and awarding attorney fees. Unlike those cases, appellant's case remains in the common pleas court until the case is determined through settlement or trial.
 {¶ 14} In the final analysis, appellant's motion to intervene for the purposes of establishing a record to be used in a separate action is not an ancillary proceeding and does not qualify as a provisional remedy for purposes of R.C. 2505.02. Gehm, paragraph one of the syllabus. Moreover, the purpose for which appellant sought intervention may be litigated in another action, meaning the denial of his motion to intervene does not *Page 7 
affect a substantial right that determines the action and prevents judgment. Gehm, paragraph three of the syllabus. Because appellant fails to present a final, appealable order, this court lacks jurisdiction to consider his appeal. Accordingly, we dismiss appellant's appeal.
Appeal dismissed.
 BROWN and FRENCH, JJ., concur. *Page 1