DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Christine G. ("Mother") and Christopher C. ("Father"), each appeal from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that terminated their parental rights to T.C., C.C., L.G., and R.C., and placed these children in the permanent custody of Lorain County Children Services Board ("LCCS"). This Court affirms.
 {¶ 2} Christine is the mother of the four children involved in this case. Christopher is the biological father of three of them: T.C., C.C., and R.C. Jeffrey *Page 2 
S. is the biological father of L.G. He voluntarily agreed to terminate his parental rights to L.G. and is not a party to this appeal.
 {¶ 3} On March 8, 2005, LCCS filed complaints in the juvenile court, alleging that T.C., born November 26, 2000; C.C., born November 27, 2001; L.G., born December 10, 2002; and R.C., born January 31, 2004, were neglected and dependent, and seeking temporary custody. In the complaints, LCCS alleged that the children lacked proper supervision and were living in an unsafe environment. The agency cited children walking barefoot amidst broken glass and the presence of a box fan with an open back in their home. LCCS alleged that Mother left the children unsupervised. The agency noted several health and medical concerns, including unchanged diapers on the two youngest children and severe untreated diaper rash on one of them, one child with an untreated ear infection, and Mother smoking around the children, including one who has asthma.
 {¶ 4} The matter proceeded to adjudication and disposition where the children were found to be neglected and dependent and were placed in the temporary custody of the agency. The trial court adopted a case plan which required both parents to provide the agency with the names of potential caregivers. The case plan also required Mother to: (1) develop an understanding of the children's needs; (2) complete an intake interview for a parenting assessment program and comply with all recommendations; (3) participate in Help Me Grow sessions; (4) obtain adequate income to provide for the children's basic needs; (5) *Page 3 
allow LCCS access to her home, demonstrate that there are no safety hazards, and make adequate provisions for the children; (6) maintain regular contact with the children through scheduled visits; and (7) complete a drug and alcohol assessment and follow all recommendations. The case plan also required Father to: (1) establish paternity and establish child support orders; (2) provide for the children's basic needs and maintain safety during any conduct with the children; and (3) complete a substance abuse assessment and participate in follow-up.
 {¶ 5} On February 15, 2006, LCCS moved for permanent custody. The guardian ad litem filed a report on June 20, 2007, in which she recommended that all of the children should be placed in the permanent custody of the agency. A hearing was held in July 2007.
 {¶ 6} On August 27, 2007, the trial court issued its decision, granting the motion for permanent custody. The trial court found that the children could not be placed with either parent within a reasonable time or should not be placed with a parent. As a predicate finding, the court relied on R.C. 2151.414(E)(1) and found that Mother and Father had failed to substantially remedy the conditions that led to the children's placement outside of the home. The trial court also found that it was in the best interests of the children to be placed in the permanent custody of the agency.
 {¶ 7} Mother and Father have each appealed, with Mother assigning three errors and Father assigning two errors for review. *Page 4 
 MOTHER'S ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF THE CHILDREN TO LCCS BECAUSE ITS DETERMINATION THAT THE [CHILDREN'S] BEST INTERESTS WOULD BE SERVED WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 8} Within the argument in support of her first assignment of error, Mother contends that the trial court erred in failing to include a substantive discussion of each of the best interest factors in its decision. See R.C. 2151.414(D). In particular, she complains that the trial court did not mention or discuss the second best interest factor, the wishes of each child, in its journal entry. See R.C. 2151.414(D)(2). Mother also challenges several aspects of the trial court's evaluation of evidence presented regarding the best interests of the children. At this point, this Court will address only the portion of Mother's first assignment of error which challenges the trial court's failure to specifically address the wishes of the children in its decision. The remaining portion of this assignment of error requires consideration of the evidence presented at the permanent custody hearing. That invokes an issue which this Court addresses separately below.
 {¶ 9} In the trial court's journal entry through which it granted permanent custody, the court found, pursuant to the first prong of the permanent custody test, that the children could not be placed with either of their parents within a reasonable time or should not be placed with their parents, along with a finding on *Page 5 
predicate factor R.C. 2151.414(E)(1). In addition, pursuant to the second prong of the permanent custody test, the trial court found that it was in the best interests of the children to permanently terminate parental rights and grant permanent custody to LCCS. Mother asserts that the trial court erred when it failed to provide any analysis of one of the best interest factors, the wishes of the children. R.C.2151.414(D)(2).
 {¶ 10} R.C. 2151.414(D) provides that in determining the best interests of the children in a permanent custody case, the trial court "shall consider" all relevant factors, including those listed in the statute. The statute does not state that the trial court must refer to the statutory factors and/or analyze them in its decision.
 {¶ 11} This Court has previously held, over a dissent, that in deciding a permanent custody case, the trial court is obligated to make explicit findings on each of the two primary prongs of the permanent custody test. See In re M.B., 9th Dist. No. 21760, 2004-Ohio-597, at ¶ 8-10. In so doing, this Court emphasized that our role as an appellate court is not to act as a fact-finder in the first instance. Id. at ¶ 10. Nor should this Court speculate as to what the trial court found or did not find on these two critical questions, else we exceed our jurisdiction as an appellate court. Id. at ¶ 9.
 {¶ 12} Significantly, the M.B. court was unanimous in further indicating that, although the trial court is not required to explain its reasoning in support of *Page 6 
those two primary determinations, the inclusion of such explanation is most helpful to the reviewing court. We reiterate that view now. Such detail and analysis will provide insight into the reasoning behind the decision of the trial court and enhances the ability of the appellate court to perform its function. Id. at ¶ 11 and ¶ 20.
 {¶ 13} This Court notes that the trial court in the present case complied with its obligation to make explicit findings on the two primary prongs of the permanent custody test. The trial court also included substantial reasoning in support of its decision in a nine-page opinion. The fact that the trial court failed to include an analysis of one of the best interest factors is not erroneous. This is particularly so where the factor at issue is R.C. 2151.414(D)(2), the wishes of the children, a matter which may be addressed by the guardian ad litem, and which was, in fact, addressed through the written report of the guardian ad litem. This report, included in the record before this Court, firmly recommended that the children should be placed in the permanent custody of the agency.
 {¶ 14} Accordingly, the argument is overruled.
 MOTHER'S ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF THE CHILDREN TO LCCS BECAUSE ITS DETERMINATION THAT [MOTHER] FAILED CONTINUOUSLY AND REPEATEDLY TO SUBSTANTIALLY REMEDY THE SITUATION THAT [LED] TO REMOVAL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 7 
 MOTHER'S ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF THE CHILDREN TO LCCS BECAUSE ITS DETERMINATION THAT LCCS UTILIZED REASONABLE CASE PLANNING AND DILIGENT EFFORTS TO PREVENT THE REMOVAL OF THE CHILDREN WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 FATHER'S ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT FOUND BY CLEAR AND CONVINCING EVIDENCE THAT PERMANENT, LEGAL CUSTODY OF T.C., C.C., AND R.C. SHOULD BE AWARDED TO LORAIN COUNTY CHILDREN'S SERVICES."
 FATHER'S ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT, TO THE PREJUDICE OF THE APPELLANT, ASSERTED AND IMPLIED FACTS AND CIRCUMSTANCES IN ITS JOURNAL ENTRY UNSUPPORTED BY THE EVIDENCE PRESENTED FOR THE RECORD UPON WHICH FACTS DETERMINED THE DECISION OF THE TRIAL COURT."
 {¶ 15} Because the remaining issues included within Mother's first assignment of error as well as the remaining assignments of error of both Mother and Father challenge the quality or weight of the evidence presented at the hearing on the motion for permanent custody, they require the appellate court to review a transcript of evidence presented at that hearing. Accordingly, they will be addressed together.
 {¶ 16} We begin by noting that it is the appellant's duty to transmit the transcript of proceedings to the court of appeals. App.R. 10(A). Loc.R. 5(A). *Page 8 
This duty falls to the appellant because the appellant has the burden of establishing error in the trial court. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Where the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199.
 {¶ 17} This Court is limited in its review on appeal to the record provided to it pursuant to App.R. 9. App.R. 12(A)(1)(b). App.R. 9(B) provides that the appellant may provide for a record by ordering a transcript from the court reporter. The same rule further explains that "[t]he reporter is the person appointed by the court to transcribe the proceedings for the trial court * * *." App.R. 9(B). Alternatively, where "there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." App.R. 9(B). Our local rules provide similarly: "If the trial court does not have an official court reporter, * * * the appellant shall proceed under App.R. 9(C) or 9(D)." Loc.R. 5(A)(2). Statements made pursuant to App.R. 9(C) or 9(D) "must be in written form and approved by the trial court." Loc.R. 5(A)(2).
 {¶ 18} This Court has indicated that it may not properly consider a transcript unless it is certified by an official or properly appointed court reporter. White v. Yuhas, 9th Dist. No. 03CA0135-M,2004-Ohio-5449, at ¶ 13, citing Akron v. Giermann, 9th Dist. No. 20780, 2002-Ohio-2650, at ¶ 8. When the reporter *Page 9 
prepares a transcript, it must be done in a manner consistent with the structure set forth in App.R. 9(B), the reporter must "certify the transcript as correct[,]" and must "state whether it is a complete or partial transcript." App.R. 9(B). Loc.R. 6(B) explains that the certificate of an official court reporter must be signed by the court reporter and must reflect the court reporter's appointment by the trial court. See State v. Burrows (May 24, 2000), 9th Dist. No. 98CA007220, at *1 (where the record failed to indicate that the reporter was "acting as the official court reporter for the Elyria Municipal Court," appellant should have proceeded under App.R. 9(C) or 9(D)).
 {¶ 19} Loc.R. 6(C) explains that no transcript of proceedings shall be considered as part of the record on appeal unless one of the following applies:
 "(1) The official court reporter has certified the transcript as provided in [Loc.R. 6(B)];
 (2) The record contains an entry of the trial court appointing the court reporter who has certified the transcript;
 (3) The transcript is a part of the original papers and exhibits filed in the trial court;
 (4) The transcript has been incorporated into an App.R. 9(C) statement that has been approved by the trial court; or
 (5) The court of appeals has granted a motion to supplement the record with a transcript that was filed in a prior appeal."
 {¶ 20} In the present case, a hearing was held on the motion for permanent custody filed by LCCS. There is no evidence that the document submitted as a transcript by the appellants was prepared by an official court reporter of the Lorain *Page 10 
County Court of Common Pleas, Juvenile Division. See App.R. 9(B). See, also, Loc.R. 6(B). There is no certification that the transcript is correct, nor is there a statement as to whether it is a complete or partial transcript. See App.R. 9(B). See, also, Loc.R. 6(B)(1). There is no indication of the judge before whom the case was heard or the dates upon which the matter was heard. See Loc.R. 6(B)(1). Finally, the appellants have not provided this Court with a statement of the trial court pursuant to either App.R. 9(C) or 9(D). Consequently, this Court cannot consider the transcript filed by the appellants and is limited to a review of the record on appeal as provided to us pursuant to App.R. 9. App.R. 12(A)(1)(b). See, also, In re J.F., 162 Ohio App.3d 716,2005-Ohio-4258, at ¶ 14, n. 1.
 {¶ 21} As the appellants, Mother and Father had the burden of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support their assignments of error.Knapp, 61 Ohio St.2d at 199. See, also, Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314. Because a complete record of the testimony at the permanent custody hearing would have been necessary for resolution of the remaining assignments of error, this Court must presume regularity in the trial court proceedings and affirm the judgment of the trial court. Knapp at 199. *Page 11 
 {¶ 22} Mother's three assignments of error are overruled. Father's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellants. *Page 12 
SLABY, P. J. DICKINSON, J. CONCUR