[Cite as *Comben v. State Farm Mut. Auto. Ins. Co.*, 2021-Ohio-4012.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALLISON M. COMBEN,                    :

    Plaintiff-Appellee,              :

                               No. 110276

    v.                               :

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., ET AL.,                :

    Defendants.                      :

[Appeal by The Boyd Group (U.S.) Inc.]  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 10, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-929241

---

### *Appearances:*

Amourgis & Associates, L.L.C., and Benjamin P. Pfouts,
*for appellee.*

Kreiner & Peters, Co., L.P.A., Shaun D. Byroads, and
Daran Kiefer, *for appellant.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Appellant The Boyd Group (U.S.) Inc. ("Boyd") challenges the trial court's judgment denying its motion to intervene in the underlying personal injury

action. Boyd had sought intervention in order to protect and preserve its claimed subrogation rights against the alleged tortfeasor and the insurance carrier for uninsured/underinsured motorist coverage. After a careful review of the record and law, we dismiss this appeal for lack of a final, appealable order.

## I. Factual and Procedural History

{¶ 2} In 2017, plaintiff-appellee Allison Comben ("Comben") sustained injuries in a motor vehicle accident allegedly caused by Jacob K. Kastl ("Kastl"). At the time of the incident, Comben's vehicle was insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Comben was further insured under a health benefit plan that was offered through and sponsored by her husband's employer, Boyd. Boyd is the employer, fiduciary, and plan sponsor for The Boyd Group Health Benefit Plan ("The Plan"). UMR, Inc. ("UMR"), a subsidiary of UnitedHealthcare Company, provided administrative services for The Plan.

{¶ 3} Following the subject collision, Comben was contacted by UMR, who claimed that it had paid medical expenses that had been caused by the subject collision totaling $11,628.08 from The Plan fund and that UMR (on behalf of Boyd) was entitled to be reimbursed for those expenses pursuant to its contractual rights of subrogation and reimbursement.

{¶ 4} Shortly before the expiration of the statute of limitations, Comben filed a complaint in the Cuyahoga County Court of Common Pleas, Cuyahoga C.P. No. CV-19-923410, asserting claims against Kastl as tortfeasor and State Farm for uninsured/underinsured motorist coverage. The complaint further alleged a claim

for declaratory judgment against Boyd, as the plan sponsor and a fiduciary of beneficiaries/insureds of The Plan, requesting that the court interpret the contract to determine Boyd's claimed subrogation and reimbursement rights.

{¶ 5} Boyd failed to file an answer or otherwise respond to the complaint, and Comben filed a motion for default judgment. While Comben's motion for default judgment was pending, Boyd filed a motion to dismiss, asserting that Comben's declaratory judgment claim was preempted by 29 U.S.C. 1132(a)(3) of ERISA and arguing that the trial court lacked jurisdiction over Comben's declaratory judgment claim because federal courts have exclusive jurisdiction over claims brought pursuant to 29 U.S.C. 1132(a)(3).

{¶ 6} Boyd did not assert any of its own claims at that time regarding its alleged subrogation and reimbursement rights, nor did Boyd bring a separate action against Comben, Kastl, or State Farm.

{¶ 7} Before the trial court ruled on either motion, Comben filed a notice of voluntary dismissal without prejudice against all parties pursuant to Civ.R. 41(A)(1)(a).

{¶ 8} Comben subsequently refiled her action, which included the same claims against Kastl and State Farm, but did not refile the declaratory judgment claim against Boyd. Shortly after the suit was refiled, Boyd filed a motion to intervene. Boyd's intervening complaint sought to assert portions of two tort claims against Kastl and State Farm that it claimed had been assigned/subrogated to it by Comben through contract. Boyd's intervening complaint did not contain any claims

for declaratory judgment or otherwise against Comben regarding its claimed contractual subrogation and reimbursement rights.

{¶ 9} The trial court denied Boyd's motion to intervene, and Boyd filed the instant appeal, asserting two assignments of error for our review:

> 1. The trial court erred by denying The Boyd Group (U.S.) Inc.'s motion to intervene/join as a party plaintiff preventing protection and preservation of subrogation rights against defendants.
>
> 2. The trial court erred by failing to allow a subrogor to join the action as a necessary party needed for full and just adjudication.

{¶ 10} A motion to dismiss appeal was filed by Comben. The motion was referred to the panel addressing the merits of this appeal.

## II. Law and Analysis

{¶ 11} Preliminarily, we must address Comben's motion to dismiss this appeal. Comben argues that this court lacks jurisdiction over the instant appeal because the trial court's order fails to satisfy R.C. 2505.02(B)(1) and Civ.R. 54(B).

{¶ 12} Under Section 3(B)(2), Article IV of the Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." As a result, "'[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.'" *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). "'An order of a court is a final appealable order

only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'" *Gehm* at ¶ 15, quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101.

{¶ 13} Boyd argues that the denial of its motion to intervene constitutes a final, appealable order under R.C. 2505.02(B)(1). This subsection provides that an order affecting a substantial right that determines an action and prevents a judgment is a final order. In *Gehm*, the Supreme Court of Ohio noted that because a motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right as defined in R.C. 2505.02(A)(1), unless the purpose for which intervention was sought may be litigated in another action. *Gehm* at ¶ 29, 37; *Schaffer v. Jones*, 1st Dist. Hamilton No. C-160684, 2017-Ohio-7730, ¶ 12.

{¶ 14} Consequently, we begin with the assumption that, under *Gehm*, the denial of a motion to intervene may have affected a substantial right of Boyd. We must further determine whether the purpose for which intervention was sought may be litigated in another action. If it may, a substantial right was not affected.

{¶ 15} Boyd maintains that it is unable to file a separate action to recover its costs because the statute of limitations has expired on its claims. The parties agree that Boyd's subrogation claims were derivative of Comben's claims and, thus, subject to the same two-year statute of limitations. Boyd argues that, while a separate action would be time barred, it is still able to maintain its claim via intervention in the underlying case because Ohio courts have held that intervention by a subrogated carrier allows them to protect their rights by having their

intervening complaint relate back to the filing of the action by the injured/insured party. Comben disputes that this proposition applies to a refiled action; however, this issue is not before us.

{¶ 16} The Supreme Court of Ohio has characterized the expiration of a statute of limitations as "an affirmative defense that may deprive a plaintiff of a *right to recover* * * * ." (Emphasis added.) *Travis v. Thompson*, 8th Dist. Cuyahoga No. 78384, 2001 Ohio App. LEXIS 2757, 8-9 (June 21, 2001), citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). Accordingly, while the statute of limitations may deprive Boyd of its right to recover, we cannot say that Boyd's claims may not be litigated in another action simply because an affirmative defense could bar its recovery.

{¶ 17} Comben's claims have been pending in some form since October 2019, save for a short time between the voluntary dismissal and refiling. Boyd was even named as a defendant in the first action. Boyd was therefore on notice of the claims and could have raised its own subrogation claims at any time but did not. There is nothing, including the court's denial of intervention, precluding Boyd from asserting its claims in a separate action. The fact that those claims may ultimately be determined to be time barred has no bearing on whether the claims *may* be litigated in another action.

{¶ 18} Thus, because the purpose for which intervention was sought by Boyd may be litigated in another action, Boyd has not demonstrated that its substantial right was affected by the denial of the motion to intervene.

{¶ 19} For the same reasoning, even if we were to find that Boyd's substantial right had been affected by the court's ruling, Boyd has not shown that the requirements of R.C. 2505.02(B)(1) have been met. This statute provides that an order is a final, appealable order when it affects a substantial right in an action that in effect determines the action and prevents a judgment.

{¶ 20} Boyd argues that, because the statute of limitations had run, the trial court's order denying intervention prevented it from obtaining a judgment arising from its rights of subrogation and reimbursement against Kastl and State Farm for the medical bills paid.

{¶ 21} "An order determines the action and prevents a judgment when it 'dispose[s] of the merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the court[.]'" *Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 17, quoting *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 8.

{¶ 22} In determining whether a party was "prevented" from obtaining a judgment, the proper question is whether the claim would be prevented by collateral estoppel. *See Daniel v. Ballitch*, 5th Dist. Richland No. 2019 CA 0052, 2019-Ohio-5181 (holding that because the purpose for which the intervention was sought could, and actually was, being litigated in another action, there was no order that determined the action and prevented a judgment); *Jackson v. Proto Machine & Mfg., Inc.*, 2015-Ohio-1205, 31 N.E.3d 160 (11th Dist.) (holding that an order was

not final and appealable because appellant would not be precluded from litigating the issue in a separate declaratory judgment action); *Luna v. Allstate Ins. Co.*, 10th Dist. Franklin No. 07AP-430, 2007-Ohio-6597 (holding that the order did not meet the requirements of R.C. 2505.02 because the issue was not litigated in the action in the common pleas court and, therefore, the appellant had the opportunity, if necessary, to litigate it in the future).

{¶ 23} In the instant matter, collateral estoppel does not prevent Boyd from obtaining a judgment. Boyd was not estopped by anything, including the court's denial of intervention, from raising its claims in a separate action. *See Gehm*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, at ¶ 31 ("When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues."). It is Boyd's delay in asserting its claims that may have prevented it from obtaining a judgment in its favor.

{¶ 24} We find that the denial of Boyd's motion to intervene did not affect a substantial right that determined the action or prevented Boyd from obtaining a judgment and was therefore not a final, appealable order under R.C. 2505.02(B)(1).

### III. Conclusion

{¶ 25} Because Boyd's claims could have been litigated in a separate action, the requirements of R.C. 2505.02(B)(1) have not been met, and the trial court's denial of the motion to intervene was not a final, appealable order. We therefore lack jurisdiction over the appeal.

{¶ 26} Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR